## UNITED STATES v. PEOPLES-PITTSBURGH TRUST CO.

### No. 9246.

District Court, W. D. Pennsylvania.

Jan. 19, 1940.

Geo. Mashank, Acting U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Patterson, Crawford, Arensburg & Dunn, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge..

Mrs. Rose Valenti, as widow of Giuseppi Valenti, a deceased war veteran by reason of disabilities suffered by him while in the military service, received an award of compensation in her favor in the sum of $40 per month as long as she remained the widow of Giuseppi Valenti. She remarried April 12, 1933, and after her remarriage she received eight checks in the sum of $40 each payable to "Mrs. Rose Valenti, as unremarried widow of Giuseppi Valenti, 537 McDonald St., Pittsburgh, Pa." She properly endorsed said checks by her mark. The defendant endorsed said checks and in its guarantee of prior endorsements added the words, "Prior endorsements guaranteed Peoples-Pittsburgh Trust Company". The defendant had cashed other checks drawn by the Treasurer of the United States to the order of Rose Valenti. Claim was made by the plaintiff for repayment of the amount of said checks, with interest, less a small credit. Plaintiff contends that the defendant guaranteed that Rose Valenti was a widow by its contracts of guarantee. Defendant claims that it did not; that it simply guaranteed that the person who made the endorsements was the person named in the checks as payee.

I am of the opinion that defendant's contracts of guarantee were limited to the fact that the payee named therein endorsed the checks, and not that she was a widow at the time that it made the endorsements. To hold that banks guaranteeing such checks guarantee that the payee was a widow, would probably seriously hamper beneficiaries in getting payment of such checks and it might affect their negotiability.

In North Philadelphia Trust Company v. Kensington National Bank, 328 Pa. 298, 196 A. 14, 15, the Supreme Court of Pennsylvania said: "The principle involved is stated in the annotation to the Land Title Case [Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, 46 A. 420], in 50 L.R.A. 75 [79 Am.St.Rep. 717], as follows: 'It is apparent from the foregoing cases that the drawer of a check, draft or bill of exchange, who delivers it to an impostor, supposing him to be the person whose name he has assumed, must, as against the drawee or a bona fide holder, bear the loss where the impostor obtains payment of or negotiates the same.'"

See, also, Land Title & Trust Company v. Northwestern National Bank, 196 Pa. 230, 46 A. 420, 50 L.R.A. 75, 79 Am.St. Rep. 717.

No reported cases have been cited sustaining the contention made by the plaintiff. A number of unreported cases have been cited which support the contention of the defendant.

Let an order for judgment be prepared and submitted in accordance with the foregoing findings of fact, conclusion of law, and this opinion.